UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-35200 |
| Plaintiff-Appellee, | D.C. No. 3:18-cv-00570-HZ |
| v. | District of Oregon, Portland |
| SAMMY RASEMA YETISEN, AKA Rasema Handanovic, AKA Zolja, | ORDER |
| Defendant-Appellant. | |

Before: PAEZ and RAWLINSON, Circuit Judges, and PREGERSON,* District Judge.

The government's motion to amend the Memorandum filed on August 12, 2021, is granted as follows:

1. On page 3, lines 10-11, replace "looks backward from the date of application for naturalization" with "applies to the five years immediately preceding the date of filing of an application for naturalization, as well as from the date of filing the application until the applicant is admitted to citizenship. *See Dang*, 488 F.3d at 1139."

2. On page 3, lines 11-13, replace "Yetisen had not been convicted of any crime as of the date of her application, these conviction-based bars to

_____

\* The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

establishing good moral character cannot apply." with "Yetisen had not been convicted of any crime as of the date of her naturalization, so 8 U.S.C. § 1101(f)(8) and 8 C.F.R § 316.10(b)(1)(i) do not apply, and because the relevant conduct occurred before the statutory period, the parties agree that 8 U.S.C. § 1101(f)(3) does not apply.[1]"

3.  On page 3, insert footnote 1: "The parties disagree whether 8 U.S.C. § 1101(f)(3) requires that the applicant have been convicted of or admitted guilt for the offense during the statutory period.  We need not address this issue because the parties agree that the provision does not apply here."

An Amended Memorandum is filed concurrently with this order.  Judge Rawlinson takes no position on the amendments.

No future petitions for rehearing or rehearing en banc may be filed in response to the amended disposition.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-35200 |
| Plaintiff-Appellee, | D.C. No. 3:18-cv-00570-HZ |
| v. | |
| SAMMY RASEMA YETISEN, AKA Rasema Handanovic, AKA Zolja, | AMENDED MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, Chief District Judge, Presiding

Argued and Submitted October 6, 2020
Portland, Oregon

Before: PAEZ and RAWLINSON, Circuit Judges, and PREGERSON,[**] District Judge.
Concurrence by Judge RAWLINSON

Defendant-Appellant Sammy Yetisen appeals the district court's order

granting the government's motion for judgment on the pleadings, and revoking her

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

citizenship.  We reverse and remand.

The government may commence a denaturalization proceeding "if the citizen's naturalization was (1) 'illegally procured,' or (2) 'procured by concealment of a material fact or by willful misrepresentation.'" *United States v. Dang*, 488 F.3d 1135, 1139 (9th Cir. 2007) (quoting 8 U.S.C. § 1451(a)). The government must prove by "clear, unequivocal, and convincing" evidence that the applicant did not meet the legal criteria for naturalization at the time of application. *Id.* (quoting *Fedorenko v. United States*, 449 U.S. 490, 505 (1981)).

The government moved for judgment on the pleadings on counts four and five.  Count four alleged that Yetisen illegally procured her citizenship, asserting that her participation in the 1993 Trusina murders precluded her from establishing the good moral character required for naturalization.  Count five alleged that Yetisen procured her citizenship through willful misrepresentation and concealment of material facts.  The district court granted the government's motion as to count four and entered judgment revoking Yetisen's naturalization.  The district court did not address the allegations in count five.

We review de novo a district court's judgment on the pleadings.  *United States v. Teng Jiao Zhou*, 815 F.3d 639, 642 (9th Cir. 2016).  "A judgment on the pleadings is properly granted when, 'taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law.'" *Gregg v.*

*Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (quoting *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998)).

**1.** The district court erred in granting the government judgment on the pleadings as to count four. Naturalization is "illegally procured" if the applicant did not possess the statutory requirements for citizenship, including good moral character, at the time of naturalization. 8 U.S.C. §§ 1451(a), 1427(a). The district court based its order on three provisions that bar an applicant from establishing good moral character when the applicant "was" or "has been" convicted of specified crimes. *See* 8 U.S.C. §§ 1101(f)(3), (f)(8); 8 C.F.R § 316.10(b)(1)(i). Each of these provisions applies to the five years immediately preceding the date of filing of an application for naturalization, as well as from the date of filing the application until the applicant is admitted to citizenship. *See Dang*, 488 F.3d at 1139. Yetisen had not been convicted of any crime as of the date of her naturalization, so 8 U.S.C. § 1101(f)(8) and 8 C.F.R § 316.10(b)(1)(i) do not apply, and because the relevant conduct occurred before the statutory period, the parties agree that 8 U.S.C. § 1101(f)(3) does not apply.[1]

**2.** A presumptive finding of a lack of good moral character under 8 C.F.R. §

---

[1] The parties disagree whether 8 U.S.C. § 1101(f)(3) requires that the applicant have been convicted of or admitted guilt for the offense during the statutory period. We need not address this issue because the parties agree that the provision does not apply here.

316.10(b)(3)(iii), when an applicant has committed "unlawful acts" during the relevant statutory period, also does not apply to Yetisen's conviction. In applying the limitations in 8 C.F.R. § 316.10(b)(3)(iii), we have held that when an applicant commits criminal acts during the relevant statutory period, such acts can show that the applicant lacks good moral character, even if a conviction for the wrongful acts occurs post-naturalization. *See Dang*, 488 F.3d at 1137–38, 1141; *Zhou*, 815 F.3d at 643–44. In contrast, Yetisen participated in the Trusina killings in 1993, before the start of the five-year statutory period. Thus, 8 C.F.R. § 316.10(b)(3)(iii) could not have barred Yetisen from establishing good moral character on the date of her naturalization.[2]

Because the bars to establishing good moral character for convictions or criminal acts committed during the statutory period do not apply to Yetisen, the district court erred in granting judgment on the pleadings as to count four in favor of the government.

Notably, the government does not defend the district court's reasoning. Instead, the government argues that under the catch-all provision of 8 U.S.C. § 1101(f), Yetisen's participation in the Trusina killings "deprive her *per se* of good

---

[2] As the government acknowledges, criminal or other wrongful conduct postdating naturalization is irrelevant to a naturalized citizen's moral character at the time of naturalization, and provides no basis for denaturalization. *Cf. Zhou*, 815 F.3d at 644.

moral character."  The catch-all provision, however, simply provides that a person who falls outside the enumerated per se categories may nevertheless be found to lack good moral character.  *See* 8 U.S.C. § 1101(f) ("The fact that any person is not within any of the foregoing classes shall not preclude a finding that for other reasons such person is or was not of good moral character.").  The fact that the government "may"—but is not required to—consider out-of-period conduct does not establish that any such conduct is necessarily disqualifying.  *See* 8 U.S.C. § 1427(e); 8 C.F.R. § 316.10(a)(2); *cf. Kalaw v. INS*, 133 F.3d 1147, 1151 (9th Cir. 1997) ("Apart from the per se categories, . . . whether an alien has good moral character is an inquiry appropriate for the Attorney General's discretion.").  The government could have, at the time of Yetisen's application, exercised its discretion to consider her out-of-period crimes, found her moral character wanting, and denied her application.[3]  It did not do so.  The government cannot now, however, retroactively exercise that discretion to argue that Yetisen illegally procured her citizenship because she lacked good moral character, as a matter of law, all along.

**3.** The district court concluded that the delay between Yetisen's return to the United States following imprisonment in Bosnia and the government's

---

[3]  Whether Yetisen deprived the government of that opportunity by concealing or misrepresenting her crimes raises questions pertinent to count five, discussed below.

5

commencement of denaturalization proceedings "does not implicate a laches defense." In light of our disposition, we need not address whether laches can be raised as a defense to a denaturalization proceeding, or whether Yetisen's laches defense should succeed. The parties and the court may revisit this issue on remand.

**4.** The government argues that it is entitled to judgment on the basis of the pleadings related to count five. The district court did not address this count, and we decline to address this issue. Given the serious consequences of revoking Yetisen's citizenship, the district court on remand should address this claim in the first instance.

**REVERSED AND REMANDED.**

FILED

OCT 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*United States v. Yetisen,* **No. 19-35200**
**Rawlinson, Circuit Judge, concurring in the judgment:**

I agree with the majority that this case should be remanded for the district court to consider whether the government may denaturalize Defendant-Appellant Sammy Yetisen on the basis that she is a war criminal. I do not join any other portions of the disposition.

1